FILED

2021 May-04  PM 02:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **TROY CONNELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:**_____ |
| | ) | |
| **JEFFERSON DUNN, in his official** | ) | |
| **capacity as the Commissioner of the** | ) | |
| **Alabama Department of Corrections;** | ) | |
| **Correctional Officer JOE BINDER,** | ) | |
| **Correctional Officer KELLER** | ) | |
| **SPEAKS, Correctional Officer** | ) | **JURY DEMAND** |
| **ZACHARY MCLEMORE,** | ) | |
| **Sergeant SAMUEL AARON** | ) | |
| **and Warden DARREL FOX,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

For a complaint against Jefferson Dunn, in his official capacity as Commissioner of the Alabama Department of Corrections, Correctional Sergeant Samuel Aaron, Correctional Officer Joe Binder, Correctional Officer Keller Speaks, Correctional Officer Zachery McLemore, and Warden Darrel Fox, Troy Connell states:

### *Introduction*

Troy Connell has been incarcerated for all of his adult life and for part of his adolescence upon conviction for a felony murder that occurred when he was 16 years

old.  While at Donaldson Correctional Facility he testified at a hearing inquiring whether a guard had unlawfully beaten another inmate.  In this action, he seeks recovery of damages for a beating that guards administered on him after he testified at that hearing.  He also seeks damages for the conditions of his confinement in administrative segregation, part of which confinement was imposed on him in retaliation for his having testified at the hearing mentioned above, but all of which occurred in conditions that violate the Eighth Amendment.  Finally, he seeks injunctive relief requiring his return to the general population.

### *Parties*

1. Troy Connell is a natural person over the age of 21.

2. Connell was incarcerated at Donaldson Correctional Facility and then at St. Clair County Correctional Facility from 2019 forward.

3. Samuel Aaron is a natural person over the age of 21 and Aaron resides in the Northern District of Alabama.

4. Joe Binder is a natural person over the age of 21 and Binder resides in the Northern District of Alabama.

5. Keller Speaks is a natural person over the age of 21 and Speaks is a resident of the Northern District of Alabama.

6. Zachary (or Zachery) McLemore is a natural person over the age of 21 and is a resident of the Northern District of Alabama.

7.     Jefferson Dunn is a natural person over the age of 21and Dunn is a resident of the Middle District of Alabama.

8.     Darrell Fox is a natural person over the age of 21and Fox is a resident of the Northern District of Alabama.

### Jurisdiction and Venue

9.     Connell brings this action pursuant to certain of the Enforcement Acts, as codified at 42 U.S.C. 1983.

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. 1331.

11.     Venue in this action is proper in the Southern Division of the Northern District of Alabama.

### Facts

12.     In the first quarter of 2019, Connell testified at a disciplinary hearing held to determine whether a correctional officer had unlawfully beaten an inmate at Donaldson Correctional Facility.

13.     After Connell testified, a correctional officer named Big G told Connell that Connell would leave Donaldson in a body bag carried out the back gate.

14.     After Connell was returned to his cell, he was denied proper medicines (guards would give him the wrong medicine), he was denied showers, and he was the subject of retaliation because he had testified at the disciplinary hearing.

3

15.     Connell did not respond to these retaliations, which were designed to provoke him.

16.     These retaliations were undertaken by correctional officers acting in concert together to retaliate against Connell for testifying at the disciplinary hearing.

17.     In May 2019, Connell and other prisoners housed in his area were placed on a "kick out" list, meaning they were designated to be moved to another section of the prison.

18.     After the prisoners were removed from their cells, Aaron told Connell to go back into his cell.

19.     Connell's cellmate was removed from the cell.

20.     Either Aaron, Binder, Speaks, or McLemore closed the door to the cell.

21.     Aaron told Connell to come to the cell door.

22.     Aaron then sprayed pepper spray directly into Connell's face, which was inches away from the pepper spray can.

23.     Aaron then told Connell to lie face down on the floor and to put his hands behind his back.

24.     Connell complied with this order from Aaron.

25.     Aaron, Binder, McLemore, and Speaks entered the cell where Connell lay face down on the floor.

26.     While Connell was lying face down on the floor, Aaron beat Connell with a metal baton.

27.     Binder, McLemore, and Speaks could have intervened to stop Aaron from beating Connell with the metal baton, but did not.

28.     Instead, Binder, McLemore, and Speaks waited until Aaron had administered several blows and Connell moved to resist further blows from Aaron.

29.     Then, under a pretense of necessity, Binder, McLemore, Speaks, and Aaron began kicking Connell.

30.     Aaron continued to administer blows with the metal baton.

31.     McLemore, Speaks, and Binder continued to fail to intervene.

32.     Eventually, McLemore, Speaks, Binder, and Aaron left the cell.

33.     Aaron, Binder, McLemore, and Speaks were wearing heavy boots when they were kicking Connell.

34.     When they left the cell, McLemore, Speaks, Binder, and Aaron believed Connell was dead or dying. However, Connell was not dead.

35.     Connell gave no lawful cause to Aaron, McLemore, Speaks or Binder for the use of force as described herein.

36.     The use of force as described herein was excessive.

37.     McLemore, Speaks, and Binder could have stopped Aaron from beating and kicking Connell, but did not.

38.     Each of McLemore, Speaks, Binder, and Aaron could have kept the other from attacking Connell, but did not.

39.     Watts made Aaron accompany Connell to the infirmary.

40.     While Connell was in the infirmary, someone called Connell's mother.

41.     A nurse in the infirmary took the phone and told Connell's mother that she (Connell's mother) should take action or Connell would be killed.

42.     The beating and stomping that Connell endured was in retaliation for Connell testifying at the hearing held to examine the conduct of Big G.

43.     Connell was eventually discharged from the infirmary to administrative segregation.

44.     Connell ultimately had to be placed on suicide watch at Donaldson at his own request so that he would be monitored by cameras, thereby reducing the risk that he would be killed by guards.

45.     Connell was transferred to St. Clair County Correctional Facility, where he was housed with an inmate who was openly having a psychotic break from reality.

46.     The inmate attacked Connell, who was badly injured, but Connell survived the attack.

47.     Connell was then moved to administrative segregation, where he remains today.

48.     The conditions of administrative segregation at St. Clair are unfit for human habitation. Insects, inoperable plumbing, and mold endanger the health of inmates housed in administrative segregation.

49.     Connell was housed with a psychotic inmate and then transferred to administrative segregation because Connell had exercised his rights protected by the First Amendment to the U.S. Constitution, just as he was beaten and stomped because he had exercised his rights under the First Amendment.

50.     At all times described herein, each defendant acted under color of State law.

### Count I

### Excessive Force
### 42 U.S.C. 1983
### Aaron, Binder, McLemore and Speaks

51.     Connell adopts and incorporates by reference paragraphs 1 through 50 of this Complaint.

52.     The actions of Aaron, Binder, McLemore, and Speaks violated Connell's right under the Eighth Amendment to remain free from cruel and unusual punishment and Connell's rights of free expression under the First Amendment.

## Count II

### Bystander Liability
### 42 U.S.C. 1983
### Aaron, Binder, Speaks, and McLemore

53.     Connell adopts and incorporates by reference paragraphs 1 through 50 of this Complaint.

54.     Connell was attacked within the confines of a prison cell.

55.     Aaron, Binder, Speaks and McLemore were all either in or by the door of the cell while the attack occurred.

56.     Each of Aaron, Binder, Speaks, and McLemore had a constitutional duty to stop the attack of the others on Connell, but each failed to do so.

57.     This failure on the part of Aaron, Binder, McLemore, and Speaks violated the rights of Connell under the First, Eighth, and Fourteenth Amendments.

## Count II

### Conditions of Confinement
### 42 U.S.C. 1983
### Warden Darrell Fox
### Commissioner Jefferson Dunn

58.     Connell adopts and incorporates by reference paragraphs 1 through 50 of this Complaint.

59.     Confinement in the conditions of administrative segregation at St. Clair is per se unconstitutional, because the conditions are unfit for human habitation.

8

60.    In particular, and without limitation, the conditions are vermin infested, mold infested, and without adequate plumbing.

61.    These conditions are particularly unlawful for Connell, because he has done nothing that would justify his being forced to stay in solitary confinement at all.

62.    The actual, substantive motivation for Connell's confinement in administrative segregation is the exercise of his rights protected under the First Amendment.

63.    Confinement of Connell in the administrative segregation violates his rights under the First and Eighth Amendments.

64.    Warden Fox and Commissioner Dunn are responsible for confining Connell in administrative segregation.

WHEREFORE, Connell respectfully requests this Court enter judgment for money damages, including but not limited to nominal, compensatory, special, and punitive damages, attorneys' fees, and costs in an amount to be determined by a jury. Connell also requests an injunction requiring his return to the prison general population.

Respectfully submitted,

/s/ *Frank Ozment*

Frank Ozment (ASB-7203-N73J)
Raymond Andrew Garrison, Jr.
(ASB-1776-Q18N)

9

Frank Ozment Attorney at Law, LLC
217 Country Club Park, Box 501
Birmingham, AL 35213
Phone:  (205) 847-5401
frankozmentlaw@gmail.com
raymondgarrison3425@gmail.com

*Attorneys for Plaintiff*

**Defendants' Addresses:**

Jefferson Dunn, Commissioner
Alabama Department of Corrections
301 S. Ripley Street
Montgomery, AL 36130

Sergeant Samuel Aaron
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023

Darrel Fox, Warden
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023

Correctional Officer Joe Binder
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023

Correctional Officer Keller Speaks
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023

Correctional Officer Zachary McLemore
William E. Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023