FILED

2022 Apr-25  PM 12:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| TROY CONNELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-629-GMB |
| | ) | |
| JEFFERSON DUNN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Troy Connell filed a complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. Doc. 1. Connell names the following defendants in the complaint: Alabama Department of Corrections ("ADOC") Commissioner Jefferson Dunn; St. Clair County Correctional Facility Warden Darrel Fox; Correctional Officers Joe Binder, Keller Speaks, and Zachary McLemore; and Sergeant Samuel Aaron. Connell seeks monetary damages and injunctive relief.

After Connell filed an amended complaint (Doc. 23), the defendants filed three motions to dismiss. Docs. 24, 27, 29. The motions are fully briefed (Docs. 24–25, 27–30, 35–37, 40–42) and ripe for decision. Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge. Doc. 38. For the following reasons, the motions to dismiss are due to be

granted in part and denied in part.

## I. FACTUAL ALLEGATIONS

### A.     Events at Donaldson Correctional Facility

Connell was an inmate at Donaldson Correctional Facility when he testified against a correctional officer in a fellow inmate's disciplinary hearing during the first quarter of 2019. Doc. 23 at 3.   After the testimony, the officer threatened Connell that he "would leave Donaldson in a body bag carried out the back gate." Doc. 23 at 3.

In May 2019, Connell and a number of other prisoners were placed on a "kick out list" and designated to be moved to another section of the prison. Doc. 23 at 4. After the prisoners left their cells, Aaron instructed Connell to return to his cell and either Aaron, Binder, Speaks, or McLemore closed the cell door behind him. Doc. 23 at 4.  Aaron told Connell to move closer to the cell door. Doc. 23 at 4.  When Connell complied, Aaron sprayed pepper spray into his face. Doc. 23 at 4.   Aaron then ordered Connell to lie face down on the floor with his hands behind his back, and Connell complied. Doc. 23 at 4.  Aaron, Binder, Speaks, and McLemore then entered the cell. Doc. 23 at 5.  With Connell on the floor, Aaron hit him with a metal baton several times. Doc. 23 at 5.  The other three officers did not try to stop Aaron from hitting Connell. Doc. 23 at 5.

2

After Connell moved to prevent Aaron from striking him, the other three officers began to kick him. Doc. 23 at 5.  Aaron continued to hit him with the metal baton. Doc. 23 at 5.  The officers eventually left the cell "believe[ing] Connell was dead or dying." Doc. 23 at 5.  Connell alleges that this "beating and stomping . . . was in retaliation for Connell testifying at the [disciplinary] hearing." Doc. 23 at 6.

## B.   Events at St. Clair County Correctional Facility

Sometime after the events at Donaldson, Connell received a transfer from Donaldson to St. Clair County Correctional Facility. Doc. 23 at 6.  Upon arrival at St. Clair, Connell was assigned to share a cell with a cellmate who had a "psychotic break from reality" and attacked him. Doc. 23 at 6.  Afterwards, Connell moved to administrative segregation. Doc. 23 at 7.  The previous occupant of his segregation cell had committed (or at least attempted) suicide by hanging, and the St. Clair correctional officers made Connell cut down the rope used in the suicide attempt. Doc. 23 at 7, 8.  Connell's segregation cell had an insect infestation, inoperable plumbing, and mold that "endangered the health of inmates housed in administrative segregation." Doc. 23 at 7.

Connell alleges that Commissioner Dunn had actual knowledge of the conditions of his cell because Dunn previously "testified under oath that he personally reviewed the facts relating to each suicide in the custody of the Alabama

3

Department of Corrections."[1] Doc. 23 at 7 (citing *Braggs v. Dunn*, 257 F. Supp. 3d 1171 (M.D. Ala. 2017)). Likewise, Connell alleges that Warden Fox had "actual personal knowledge of all the conditions of Connell's confinement" and "has the power to take action to improve conditions, but has not done so." Doc. 23 at 9.

Connell later transferred to a new administrative segregation cell located a few units down from the first cell. Doc. 23 at 8. The new cell was "substantially similar to the utterly filthy and bug infested cell of the former suicide." Doc. 23 at 8. Connell remained in administrative segregation as of the filing of the amended complaint. Doc. 23 at 7. Since his move to segregation, Connell has suffered bug bites "so pervasive as to be characterized as scabies" and has "lost over 100 pounds due to severe malnourishment." Doc. 23 at 9.

On these facts, Connell's amended complaint lists three counts: (1) an excessive force claim against Binder, Speaks, McLemore, and Aaron in violation of the Eighth Amendment (Doc. 23 at 9); (2) a failure-to-intervene claim against Binder, Speaks, McLemore, and Aaron in violation of the Eighth and Fourteenth

---

[1] Connell also alleges that the ADOC has characterized him as seriously mentally ill ("SMI") "from time to time" "for purposes of the *Braggs* litigation," "based on the medications that medical personnel have continually encouraged him to take and . . . [because] he has been housed in a mental health unit from time to time." Doc. 23 at 8. Because the court presiding over the *Braggs* litigation requires the ADOC to file reports on the health of inmates characterized as SMI, Connell alleges that Dunn has received reports about his health and "knows full well about the condition of Connell, a malnourished man covered in bug bites in a cell that Dunn himself has personally investigated." Doc. 23 at 8–9.

Amendments (Doc. 23 at 10); and (3) a conditions-of-confinement claim against Commissioner Dunn and Warden Fox in violation of the Eighth Amendment. Doc. 23 at 10–12.   As discussed below, Connell's amended complaint also references certain violations of his First Amendment rights.   The claim against Commissioner Dunn is an official-capacity claim, while all other claims are against the defendants in their individual capacities. Doc. 23 at 1.

## II.  STANDARD OF REVIEW

The defendants move for the dismissal of the claims in the amended complaint on two grounds.  Fox, Binder, Speaks, McLemore, and Aaron first contend that the amended complaint is due to be dismissed under Federal Rules of Civil Procedure 8(a)(2) and 10(b) as a shotgun pleading.  Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Similarly, Rule 10(b) requires "numbered paragraphs, each limited as far as practicable to a single set of circumstances" and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count or defense."  The "self-evident" purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that . . . his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quotation marks and citation omitted).

The defendants also contend that portions of the amended complaint are due to be dismissed for failure to state a claim under Rule 12(b)(6).  When considering a 12(b)(6) motion, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *id*., and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

## III.  DISCUSSION

The court first will address whether the amended complaint is a shotgun pleading under Rules 8 and 10, and then whether the complaint fails to state a claim under Rule 12.

### A.    Shotgun Pleading

While Fox, Binder, Speaks, McLemore, and Aaron attack the entire amended complaint as a shotgun pleading, the factual allegations of the complaint are plain statements consistent with Rules 8 and 10.  The descriptions of the causes of action, however, are more problematic.  In the final section of the amended complaint, each heading identifies one count—"Excessive Force," "Bystander Liability," and "Conditions of Confinement"—but the allegations below the headings arguably relate not only to the designated counts but also to additional independent causes of action. Doc. 23 at 9–11.  For example, count one is designated as an excessive force claim under the Eighth Amendment, but the allegations under this heading state that the Donaldson correctional officers "violated . . . Connell's rights of free expression under the First Amendment." Doc. 23 at 9.  Likewise, count two for "bystander liability" alleges that the officers' failure to intervene in Connell's beating at Donaldson violated his Eighth, Fourteenth, and First Amendment rights. Doc. 23 at 10.  Similarly, count three is a described as a conditions-of-confinement claim under the Eighth Amendment, but Connell also claims that the "actual, substantive motivation" for his substandard conditions is "the exercise of his rights protected under the First Amendment." Doc. 23 at 11.

Rule 10(b) directs litigants that "[i]f doing so would promote clarity, each

claim founded on a separate transaction or occurrence . . . must be stated in a separate count." The amended complaint instead interweaves First Amendment theories of recovery with its three primary claims. This does not promote clarity, and it is not a permissible pleading practice. *See Cesnik v. Edgewood Baptist Ch.*, 88 F.3d 902, 905 (11th Cir. 1996) (holding that a complaint stating multiple theories of relief within each cause of action was "framed in complete disregard of the principle that separate, discrete causes of action should be pled in separate counts"); *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366–67 (11th Cir. 1996) (finding that the failure to "present each claim for relief in a separate count, as required by Rule 10(b)" constitutes a burdensome shotgun pleading). For this reason, to the extent the amended complaint attempts to state First Amendment claims, these claims are due to be dismissed for violating Rule 10(b).

Although these claims are due for dismissal, Connell will be permitted an opportunity to replead his complaint to attempt to state First Amendment claims against Fox, Binder, Speaks, McLemore, and Aaron.[2] *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When a litigant files a shotgun pleading, is represented by counsel, and fails to request leave to amend, a district court must *sua sponte* give him one chance to replead before dismissing his case

---

[2] For the reasons below, any attempt to replead claims against Commissioner Dunn would be futile.

with prejudice on non-merits shotgun pleading grounds.").

**B.      Claims Against Commissioner Dunn**[3]

In his motion to dismiss the amended complaint, Dunn argues (1) that the amended complaint fails to state a claim against him, (2) that he is entitled to Eleventh Amendment immunity from suit for monetary damages, and (3) that the amended complaint fails to state a claim for injunctive relief. Doc. 25 at 7–16.

Connell alleges an Eighth Amendment claim relating to his conditions of confinement at St. Clair against Commissioner Dunn. Doc. 23 at 10–12.  As relief, Connell asks the court to issue "an injunction requiring his return to the prison general population." Doc. 23 at 2, 12; *see also* Doc. 36 at 6 (maintaining that Connell "seeks injunctive relief, not damages" against Commissioner Dunn).  However, the Supreme Court has repeatedly held that a prisoner has no constitutional right to be incarcerated in a particular facility or to be held in a specific security classification. *See Olim v. Wakinekora*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 228–29 (1976) ("[P]rison officials have the discretion to transfer prisoners for any number of reasons . . . . [F]ederal courts do not sit to supervise state prisons.").  Moreover, assignments to

---

[3] As acknowledged by the parties, Jefferson Dunn ended his service as ADOC Commissioner on December 31, 2021, and John Hamm became the Commissioner on January 1, 2022.  Although Connell has indicated that he intends to move to substitute Hamm for Dunn, his claims are due to be dismissed against either Dunn or Hamm.

"administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment" under the Eighth Amendment. *Sheley v. Dugger*, 833 F.2d 1420, 1428–29 (11th Cir. 1987).  Because the court does not have the authority to interfere in classification decisions, the court cannot grant Connell the injunctive relief he requests.

In his response to Commissioner Dunn's motion to dismiss, Connell offers an alternative request for injunctive relief mandating "sanitary conditions" in the event he is not moved from administrate segregation into the general population. Doc. 36 at 6.  Connell did not request this relief in his amended complaint, and he cannot amend his complaint through an argument in a response brief. *See Eiras v. Florida*, 239 F. Supp. 3d 1331, 1342 (M.D. Fla. 2017) ("[I]t is axiomatic that a plaintiff cannot amend the complaint by arguments of counsel made in opposition to a motion to dismiss."); *Hogan v. City of Ft. Walton Beach*, 2019 WL 11638968, at *5 (N.D. Fla. Mar. 29, 2019); *Harris v. Liberty Home Equity Solutions, Inc.*, 2018 WL 4075903, at *3 (N.D. Ala. Aug. 27, 2018).  Accordingly, Dunn's motion to dismiss (Doc. 24) is due to be granted.[4]

---

[4] Because Connell previously amended his complaint in response to a motion to dismiss (*see* Docs. 9, 19, 23), the court will not allow Connell a third attempt at stating a conditions-of-confinement claim against Dunn or Fox. *See Barmapov v. Amuial*, 986 F.3d 1321, 1326 (11th Cir. 2021) (finding a district court did not abuse its discretion when it dismissed a complaint with prejudice after allowing a plaintiff who was represented by counsel to attempt to correct the complaint).

10

C.    **Claims Against Warden Fox**[5]

Fox moves for the dismissal of Connell's Eighth Amendment claim relating to his conditions of confinement at St. Clair. Doc. 23 at 10–12.   The Eighth Amendment, applicable to the states through the Fourteenth Amendment, "set[s] limits on the treatment and conditions that states may impose on prisoners." *Hamm v. DeKalb County*, 774 F.2d 1567, 1571 (11th Cir. 1985).   Under that provision, the states may not impose conditions that "deprive inmates of the minimal civilized measure of life's necessities," or that may do so in the future. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).   A state violates the Eighth Amendment if it deprives prisoners of "basic human needs," including "reasonable safety," *Helling v. McKinney*, 509 U.S. 25, 33 (1993), and "reasonably adequate food, clothing, shelter, and sanitation." *Hamm*, 774 F.2d at 1572.   The Constitution "'does not mandate comfortable prisons,' but neither does it permit inhumane ones." *Farmer v. Brennan*, e511 U.S. 825, 832 (1994) (quoting *Rhodes*, 452 U.S. at 349).

In the Eleventh Circuit, a two-part analysis governs Eighth Amendment

---

[5] Fox's argument that he is entitled to sovereign immunity (Doc. 28 at 22–25) is unfounded because Connell does not assert a claim against Fox in his official capacity. Doc. 23; Doc. 35 at 5; *see Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (citing *Edelman v. Jordan*, 415 U.S. 651 (1974)). Moreover, to the extent Connell seeks injunctive relief from Fox (*see* Doc. 37 at 5), this claim would be precluded for the reasons explained above.

challenges to conditions of confinement. *Chandler*, 379 F.3d at 1289.  First, the prisoner must show that the conditions of his confinement are objectively "serious" or "extreme." *Id*.  This means that the prisoner must establish at least that "a condition of his confinement poses an unreasonable risk of serious damage to his future health or safety." *Id*. (brackets and internal quotation marks omitted).  Second, the prisoner must show that prison officials subjectively acted with "deliberate indifference" to that condition. *Id*.; *see Wilson v. Seiter*, 501 U.S. 294, 298–300 (1991) (holding that a conditions-of-confinement claim under the Eighth Amendment requires an inquiry into the prison officials' state of mind).  Under this standard, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837.  Therefore, to be held liable for deliberate indifference to inhumane conditions, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.  Additionally, the official must display conduct that is more than mere negligence. *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003)

The only factual allegations in the amended complaint relating to Fox state that he "has had actual personal knowledge of all the conditions of Connell's

confinement.  He also has the power to take action to improve conditions, but has not done so." Doc. 23 at 9.  These allegations are insufficient to establish that Fox "kn[e]w of and disregard[ed] an excessive risk to [Connell's] health or safety." *Farmer*, 511 U.S. at 837.

A conclusory allegation of personal knowledge is not enough; there must be factual allegations supporting the defendant's knowledge.  Connell has not alleged that Fox saw his cell at any time or that any other official at St. Clair told Fox about the condition of the cell.  Instead, Connell appears to be asking the court to infer knowledge by virtue of Fox's position as warden, which it cannot do. *See Oliver v. Fuhrman*, 739 F. App'x 968, 970 (11th Cir. 2016) (affirming dismissal of complaint that did not allege any facts showing knowledge of the plaintiff's conditions despite a conclusory allegation "without factual support and at the highest level of generality, that the defendants should have been aware of the potential harms because of their positions").  Without more, the claim against Fox is due for dismissal. *E.g.*, *Mpaka v. Jackson Mem. Hosp.*, 827 F. App'x 1007, 1010 (11th Cir. 2020) (dismissing a deliberate indifference claim without facts showing subjective knowledge of a serious risk of harm); *see also Ivory v. Warden*, 600 F. App'x 670, 678 (11th Cir. 2015) (rejecting the plaintiff's contention at summary judgment "that the conditions were so obvious that the defendants had to have known about them

. . . without some proof of actual knowledge or circumstantial evidence by which such an inference of knowledge could be drawn").

## D.     Claims Against the Correctional Officers

Binder, Speaks, McLemore, and Aaron argue that Connell has not stated a claim for excessive force or failure to intervene.[6] Doc. 29 at 3–4.  The court addresses each cause of action in turn.

### 1.     *Excessive Force*

The Eighth Amendment's proscription of cruel and unusual punishments protects prisoners from prison officials' excessive use of force. *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir. 1999).  Federal courts analyze excessive force claims under the standards set forth in *Hudson v. McMillian*, 503 U.S. 1 (1992), and *Whitley v. Albers*, 475 U.S. 312 (1986).  This analysis includes both a subjective and an objective component: (1) whether "the 'officials act[ed] with a sufficiently culpable state of mind'" and (2) whether "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." *Hudson*, 503 U.S. at 8 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 & 303 (1991)).

---

[6] The defendants also contend they are entitled to sovereign immunity from suit for monetary damages and that Connell has not stated a claim for injunctive relief. Doc. 30 at 16–18.  The Eleventh Amendment is inapposite because Connell has sued these defendants only in their individual capacities (Doc. 23 at 1), and Connell has confirmed that he is not seeking injunctive relief from these defendants. Doc. 35 at 5.

For the subjective component of the analysis, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7.  Relevant factors include: (1) the need for any application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible official, (4) any efforts to temper the severity of a forceful response, and (5) the extent of the injury suffered by the inmate. *Id.* at 6; *see also Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007).

The objective component of an excessive force claim "focuses on whether the official's actions were harmful enough . . . or sufficiently serious to violate the Constitution." *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020) (internal quotation marks and citations omitted).  The Supreme Court has "rejected the notion that 'significant injury' is a threshold requirement for stating an excessive force claim." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).  Instead, "the Eighth Amendment prohibits force that offends 'contemporary standards of decency,' regardless of whether 'significant injury is evident,' though the extent of injury may shed light on the amount of force applied or 'whether the use of force could plausibly have been thought necessary.'" *Sconiers*, 946 F.3d at 1265 (quoting *Wilkins*, 559 U.S. at 37). Although the Eleventh Circuit has rejected a bright-line standard mandating a more-

15

than-*de-minimis* injury, the Eighth Amendment still "necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Sconiers*, 946 F.3d at 1265–67 (citing *Wilkins*, 559 U.S. at 37–38).

Taking Connell's allegations as true, the amended complaint states a claim for excessive force against Binder, Speaks, McLemore, and Aaron.  According to the complaint, Aaron sprayed pepper spray directly in Connell's face while he was locked in his cell, and then hit him repeatedly with a metal baton as he lay on the ground with his hands behind his back.  When Connell moved to prevent additional blows from the baton, Binder, McLemore, and Speaks joined the attack by kicking Connell.  Aaron then resumed hitting Connell with the metal baton.

Aaron's initial use of force—accomplished with both pepper spray and a metal baton—occurred when Connell did not pose a threat to him.  If proven, these allegations would amount to an excessive use of force. *See, e.g.*, *Danley v. Allen*, 540 F.3d 1298, 1309 (11th Cir. 2008), *overruled in part on other grounds as recognized by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) ("When jailers continue to use substantial force against a prisoner who has clearly stopped resisting . . . that use of force is excessive."); *Williams v. Cash-C.O.I.*, 836 F.2d 1318, 1320 (11th Cir. 1988) (holding evidence that officers "deliberately broke [inmate's] elbow

after he had ceased to resist their efforts to return him to his cell" supported an excessive force claim at summary judgment); *Stripling v. Thompson*, 2020 WL 5637684, *5 (N.D. Ala. Mar. 4, 2020), *adopted at* 2020 WL 5632972 (N.D. Ala. Sept. 21, 2020) (denying a motion to dismiss on the allegation that the defendant "engaged in an unprovoked and unwarranted attack on the plaintiff").

The decision by Binder, Speaks, and McLemore to kick Cornell in the midst of Aaron's attack was just as excessive. Correctional officers violate the Eight Amendment when they "continue using force against a prisoner who already has been subdued." *Nasseri v. City of Athens*, 373 F. App'x 15, 19 (11th Cir. 2010). At the time the other three officers started kicking him, Connell alleges Aaron had already hit him several times with the baton. Although Connell may have moved his body to protect himself from Aaron's baton, this movement would not present a threat to the other officers or justify the application of any force, much less the force the officers used. On these facts, Connell's complaint states a claim for excessive force against Binder, Speaks, and McLemore. *See Piazza v. Jefferson County, Ala.*, 923 F.3d 947, 955–56 (11th Cir. 2019) (affirming denial of motion to dismiss based on qualified immunity because the alleged use of force came after the prisoner "decided to become compliant, [had] been subdued, or [was] otherwise incapacitated"). For these reasons, the amended complaint states a claim for

excessive force against Binder, Speaks, McLemore, and Aaron, and their motion to dismiss this claim is due to be denied.

### 2. *Failure to Intervene*

 "Prison correctional officers may be held directly liable under § 1983 if they fail or refuse to intervene when a constitutional violation occurs in their presence. However, . . . for liability to attach, the officers must have been in a position to intervene." *Terry v. Bailey*, 376 F. App'x 894, 896 (11th Cir. 2010) (citing *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998)).  Connell therefore has the burden of demonstrating that the defendants were in a position to intervene in his beating but failed to do so. *Ledlow v. Givens*, 500 F. App'x 910, 914 (11th Cir. 2012) (citing *Hadley v. Gutierrez*, 526 F.3d 1324, 1331 (11th Cir. 2008)).

Taking Connell's factual allegations as true, the amended complaint states a claim for failure to intervene against Binder, Speaks, McLemore, and Aaron.  "The law of this circuit is that 'an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.'" *Velazquez v. City of Hialeah*, 484 F.3d 1340, 1341 (11th Cir. 2007) (quoting *Skritch v. Thornton*, 280 F.3d 1295, 1302 (11th Cir. 2002))).  Connell alleges that Aaron repeatedly hit him with a metal baton when he was not resisting and that Binder, McLemore, and Speaks watched the beating and

did not protect him. Doc. 23 at 5.  Likewise, Aaron was in the cell when Binder, McLemore, and Speaks began kicking Connell, but he did not intervene on Connell's behalf. Doc. 23 at 5.  These allegations describe archetypal failures to intervene.

## IV.  CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1.    The Motion to Dismiss (Doc. 24) filed by Commissioner Jefferson Dunn is GRANTED, and all claims stated against Dunn are DISMISSED with prejudice.

2.    The Motion to Dismiss (Doc. 27) filed by Warden Darrel Fox is GRANTED.  Connell's Eighth Amendment claim against Fox relating to his conditions of confinement is DISMISSED with prejudice, and any First Amendment claims against Fox are DISMISSED without prejudice.

3.    The Motion to Dismiss (Doc. 29) filed by Sergeant Aaron and Correctional Officers Binder, Speaks, and McLemore is GRANTED in part and DENIED in part.  Any First Amendment claims against these defendants are DISMISSED without prejudice.  All other claims against these defendants remain pending.

4.    Connell is granted leave to file a Second Amended Complaint in compliance with this order on or before **May 9, 2022**.  The Second Amended

Complaint must be a free-standing complaint and cannot incorporate the allegations or refer back to any other pleading.  It should include all claims in separate counts in accordance with Rule 10(b), and it must not include any claims dismissed with prejudice in this Memorandum Opinion and Order.

DONE and ORDERED on April 25, 2022.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE