FILED
2022 May-23 PM 12:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **TROY CONNELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **2:21-cv-629-GMB** |
| | ) | |
| **JEFFERSON DUNN, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ANSWER OF DEFENDANT ZACKERY MCLEMORE TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Zackery McLemore (incorrectly named as Zachary McLemore), for answer to the Plaintiff's First Amended Complaint (Doc. 23) and to each count or claim asserted therein, says as follows:

### *Introduction*

This Defendant admits that the Introduction summarizes the relief that the Plaintiff seeks but denies that the Plaintiff is entitled to such relief.

### *Parties*

1. This Defendant admits the allegations in this paragraph.

2. This Defendant admits the allegations in this paragraph.

3. This Defendant admits the allegations in this paragraph.

4. This Defendant admits the allegations in this paragraph.

1

5. This Defendant admits the allegations in this paragraph.

6. This Defendant admits the allegations in this paragraph.

7. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

8. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

*Jurisdiction and Venue*

9. This Defendant denies that Connell is entitled to bring this action pursuant to certain of the Enforcement Acts, as codified at 42 U.S.C. 1983.

10. This Defendant does not deny that this Court has jurisdiction over this action.

11. This Defendant does not deny that venue is proper for this action.

*Facts*

12. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

13. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

14. This Defendant denies the allegations in this paragraph.

15. This Defendant denies that there was any retaliation against the Plaintiff.

16. This Defendant denies the allegations in this paragraph.

17. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

18. This Defendant denies the allegations in this paragraph.

19. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

20. This Defendant denies the allegations in this paragraph.

21. This Defendant denies the allegations in this paragraph.

22. This Defendant denies the allegations in this paragraph.

23. This Defendant denies the allegations in this paragraph.

24. This Defendant denies the allegations in this paragraph.

25. This Defendant denies the allegations in this paragraph.

26. This Defendant denies the allegations in this paragraph.

27. This Defendant denies the allegations in this paragraph.

28. This Defendant denies the allegations in this paragraph.

29. This Defendant denies the allegations in this paragraph.

30. This Defendant denies the allegations in this paragraph.

31. This Defendant denies the allegations in this paragraph.

32. This Defendant admits he left the Plaintiff's cell but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. Therefore, the remaining allegations are denied.

33. This Defendant denies the allegations in this paragraph.

34. This Defendant admits that Plaintiff was not dead. This Defendant denies that he thought that the Plaintiff was dead. This Defendant denies the remaining allegations in this paragraph.

35. This Defendant denies the allegations in this paragraph.

36. This Defendant denies the allegations in this paragraph.

37. This Defendant denies that he saw Aaron beat or kick the Plaintiff. Therefore, the allegations in this paragraph are denied.

38. This Defendant denies that he, Binder, Speaks or Aaron attacked the Plaintiff. Therefore, the allegations in this paragraph are denied.

39. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

40. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

41. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

42. This Defendant denies that Plaintiff was beaten or stomped or that he was retaliated against. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. Therefore, the remaining allegations in this paragraph are denied.

43. This Defendant denies the allegations in this paragraph.

44. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph. Therefore, the remaining allegations in this paragraph are denied.

45. This Defendant admits that the Plaintiff was at some point transferred to St. Clair County Correctional Facility. He lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

46. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

47. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

48. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

49. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

50. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

51. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

52. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

53. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

54. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

55. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

56. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

57. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph. Therefore, the allegations in this paragraph are denied.

58. This Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.  Therefore, the allegations in this paragraph are denied.

59. This Defendants denies the allegations of this paragraph.

**Count I**
**Excessive Force**
**42 U.S.C. 1983**
**Aaron, Binder, McLemore and Speaks**

60. This paragraph does not require a response.  Defendants, however, assert that the Plaintiff has improperly adopted paragraphs 1-59 in the First Amended Complaint.

61. This Defendant denies the allegations of this paragraph and demands strict proof thereof.

**Count II**
**Bystander Liability**
**42 U.S.C. 1983**
**Aaron, Binder, McLemore and Speaks**

62. This paragraph does not require a response.  Defendants, however, assert that the Plaintiff has improperly adopted paragraphs 1-59 in the First Amended Complaint.

63. This Defendant denies the allegations of this paragraph and demands strict proof thereof.

64. This Defendant admits that Aaron, Binder, McLemore and Speaks were all either inside the cell or outside the cell door when the incident occur, but denies that the Plaintiff was attacked.

65. This Defendant denies the allegations of this paragraph and demands strict proof thereof.

66. This Defendant denies the allegations of this paragraph and demands strict proof thereof.

**Count III**
**Conditions of Confinement**
**42 U.S.C. 1983**
**Warden Darrell Fox**
**Commissioner Jefferson Dunn**

67. This paragraph does not pertain to this Defendant, and therefore a response is not required.

68. This paragraph does not pertain to this Defendant, and therefore a response is not required.

69. This paragraph does not pertain to this Defendant, and therefore a response is not required.

70. This paragraph does not pertain to this Defendant, and therefore a response is not required.

71. This paragraph does not pertain to this Defendant, and therefore a response is not required.

72. This paragraph does not pertain to this Defendant, and therefore a response is not required.

73. This paragraph does not pertain to this Defendant, and therefore a response is not required.

74. This paragraph does not pertain to this Defendant, and therefore a response is not required.

## AFFIRMATIVE AND OTHER DEFENSES

### DEFENSE ONE

Plaintiff's claims are barred by the applicable statutes of limitation.

### DEFENSE TWO

The Plaintiff did not exhaust the required administrative remedies prior to commencing this action. 42 U.S.C. §1997e(a) (2005).

### DEFENSE THREE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### DEFENSE FOUR

The Court lacks jurisdiction over the persons involved in this action.

### DEFENSE FIVE

The Court lacks jurisdiction over the subject matter of this action.

## DEFENSE SIX

This Defendant asserts that there is no casual connection, legal or proximate, between any facts alleged in the First Amended Complaint and any cognizable injury alleged.

## DEFENSE SEVEN

This Defendant asserts that the portions of the Plaintiff's First Amended Complaint which attempt to state a cause of action pursuant to 42 U.S.C. Section 1983 fail to establish a claim upon which relief can be granted.

## DEFENSE EIGHT

This Defendant asserts that he is subject to state agent immunity pursuant to the Alabama Constitution from suit for monetary damages and injunctive relief.

## DEFENSE NINE

This Defendant asserts that he is subject to qualified immunity from suit for monetary damages and injunctive relief.

## DEFENSE TEN

This Defendant asserts that he is subject to state agent immunity pursuant to Ex parte Cranman, 792 So. 2d 392 (Ala. 2000), and its progeny.

## DEFENSE ELEVEN

This Defendant asserts that he was discharging discretionary duties at all times referenced in the Plaintiff's First Amended Complaint.

11

## DEFENSE TWELVE

This Defendant is entitled to Eleventh Amendment immunity from the claims asserted against him pursuant to 42 U.S.C. § 1983.

## DEFENSE THIRTEEN

Plaintiff's claims are barred because the Defendant is entitled to sovereign immunity under Art. 1 §14 of Ala. Constitution of 1901.

## DEFENSE FOURTEEN

Plaintiff's claims do not fall within any judicially recognized exception to sovereign immunity.

## DEFENSE FIFTEEN

This Defendant denies that the Plaintiff is entitled to punitive damages.

## DEFENSE SIXTEEN

This Defendant asserts any claim for punitive damages is expressly limited by the provisions of Alabama Code Sections 6-11-20 and 21.

## DEFENSE SEVENTEEN

This Defendant asserts that any claim for punitive damages against the State of Alabama are barred by Alabama Code Section 6-11-26.

## DEFENSE EIGHTEEN

To the extent that the Plaintiff is seeking an award of punitive damages, an award of punitive damages to Plaintiff in this case would violate the constitutional

12

safeguards provided to this Defendant under the *Constitution of the State of Alabama*.

## DEFENSE NINETEEN

To the extent that the Plaintiff is seeking an award of punitive damages, any award of punitive damages to Plaintiff in this case would violate the constitutional safeguards provided to this Defendant under the *United States Constitution*.

## DEFENSE TWENTY

To the extent that the Plaintiff is seeking an award of punitive damages, any award of punitive damages to the Plaintiff in this case would violate Article I, Section 6 of the *Constitution of the State of Alabama* which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate governmental interests.

## DEFENSE TWENTY-ONE

Plaintiff's claims for punitive damages violate this Defendant's United States and Alabama Constitutional protections from, including without limitation, excessive fines, cruel and unusual punishment, denial of due process and denial of equal protection of the law.

## DEFENSE TWENTY-TWO

Plaintiff lacks capacity to bring this action.

## DEFENSE TWENTY-THREE

This Defendant denies that his actions were willful, malicious, fraudulent, illegal, in bad faith, or beyond his authority and/or under a mistaken interpretation of the law.

## DEFENSE TWENTY-FOUR

The First Amended Complaint fails to sufficiently allege such facts as would show that this Defendant breached any obligation or duty or otherwise caused any injury to the Plaintiff.

## DEFENSE TWENTY-FIVE

This Defendant denies that any act or omission on his part proximately caused any injury to the Plaintiff.

## DEFENSE TWENTY-SIX

This Defendant claims the benefit of all statutes limiting the liability of governmental entities and their employees or otherwise limiting the collection of judgments against governmental entities and their employees under Alabama law.

## DEFENSE TWENTY-SEVEN

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

## DEFENSE TWENTY-EIGHT

Plaintiff's claims are barred by the doctrine of assumption of the risk.

14

## DEFENSE TWENTY-NINE

Plaintiff's claims are barred by the doctrine of waiver.

## DEFENSE THIRTY

Plaintiff lacks standing to bring this action.

## DEFENSE THIRTY-ONE

Plaintiff's claims are barred by the doctrine of estoppel.

## DEFENSE THIRTY-TWO

Plaintiff's claims are barred by the doctrine of *res judicata* and/or collateral estoppel.

## DEFENSE THIRTY-THREE

Plaintiff's claims are barred because of the existence of superseding, intervening causes.

## DEFENSE THIRTY-FOUR

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against this Defendant.

## DEFENSE THIRTY-FIVE

Plaintiff's claims are barred because this Defendant did not act with deliberate indifference. *Estelle v. Gamble,* 429 U.S. 97 (1976).

## DEFENSE THIRTY-SIX

To the extent Plaintiff seeks to recover any attorney fees, this Defendant objects to any and all such requests for fees that are not asserted in the First Amended Complaint or otherwise approved by Court Order.

## DEFENSE THIRTY-SEVEN

This Defendant incorporates by reference any affirmative defense, pled now or later, by any other Defendants which would be applicable to the claims against this Defendant.

## DEFENSE THIRTY-EIGHT

Plaintiff's claims are barred because the action asserted is frivolous, malicious, and fails to state a claim upon which relief can be granted. 42 U.S.C. §1997e(c)(i)(2005).

## DEFENSE THIRTY-NINE

Plaintiff's claims for damages are barred by the physical injury requirement mandated by the Prison Litigation Reform Act, 42 U.S.C. §1997e(e).

## DEFENSE FORTY

Plaintiff's civil or constitutional rights have not been violated.

16

## DEFENSE FORTY-ONE

This Defendant avers that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons and/or entities for whom or which he is not responsible.

## DEFENSE FORTY-TWO

Plaintiff's claims are barred, in whole or in part, because of his failure to mitigate damages.

## DEFENSE FORTY-THREE

This Defendant denies he is guilty of conduct for which compensatory or punitive damages could or should be awarded, and further, denies that Plaintiff has set forth clear, explicit, and particular facts to support or sustain the imposition of compensatory or punitive damages.

## DEFENSE FORTY-FOUR

This Defendant did not commit any wrongful act or omission under color of State Law.

## DEFENSE FORTY-FIVE

This Defendant asserts each defense available pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

## DEFENSE FORTY-SIX

Except to the extent specifically admitted, the Defendant denies each and every material allegation of Plaintiff's First Amended Complaint and demands strict proof thereof.

## DEFENSE FORTY-SEVEN

This Defendant did not participate in, authorize, ratify, or benefit from the alleged wrongful acts that are asserted in the First Amended Complaint.

Respectfully submitted,

TERRI OLIVE TOMPKINS
CHRISTIAN ALEXANDRA MONTGOMERY

*/s/ TERRI OLIVE TOMPKINS*
Attorneys for Defendants
ROSEN HARWOOD, P.A.
2200 Jack Warner Parkway, Suite 200
Tuscaloosa, AL 35401
Telephone: (205) 344-5000
ttompkins@rosenharwood.com
amontgomery@rosenharwood.com

18

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing pleading or paper has been served upon:

Frank Ozment
Raymond Andrew Garrison, Jr.
FRANK OZMENT ATTORNEY AT LAW, LLC
217 Country Club Park, Box 501
Birmingham, AL 35213
frankozmentlaw@gmail.com
raymondgarrison3425@gmail.com

on this 23rd day of May 2022, by electronically filing, delivering a copy to each, by mailing a copy to each by first class United States Mail, postage prepaid, addressed to them at their last known address or, if no address is known, by leaving it with the Clerk of this Court.

*/s/ TERRI OLIVE TOMPKINS*
Attorney for Defendants