## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

**Troy Connell,** }
}
    **Plaintiff,** }
}
v. }    Case No. 2:21-cv-00629-GMB
}
**Dunn, et al.,** }
}
    **Defendants.** }

### Motion for New Trial and Other Relief

Troy Connell respectfully moves this Court to order a new trial with respect to the issues described herein. Connell further moves the Court to vacate, alter or amend, as described herein, the judgments entered in this action on October 23, 2025. Connell further renews his motion for judgment as a matter of law as described herein. In support of this motion, Connell states:

1. Federal Rule of Civil Procedure 59(a) states:

(1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:

    (A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

    (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

Federal Rule of Civil Procedure 59(e) states: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

2. This motion is timely filed under Rule 59.

3. The Court erred by charging the jury that Connell could not recover damages for emotional injury or punitive damages unless Connell proved that he had suffered more than a "minimal" physical injury.[1] After it became clear that the Court also planned to charge the jury that cuts and bruises are minimal injuries, Connell's counsel objected to the jury charge requiring him to prove not merely physical injury, but more than minimal physical injury, before Connell could recover damages for mental anguish or punitive damages. In *Harris v. Garner,* 190 F.3d 1279 (11th Cir. 199), *vacated in part* 216 F.3d 970 (11th Cir. 2020) (en banc), the Court held that a prisoner could not recover damages for emotional injury because he endured a "dry shave" administered by prison officials, because, such a shave did not constitute more than a de minimis physical injury. However, under the Prison Litigation Reform Act, 42 USCS § 1997e(e), the plain language of the PLRA itself only requires a prisoner to prove physical injury, and nothing in *Harris* or its progeny suggests that a beating that leaves bruises and a cut requiring staples to close falls short of the physical injury necessary to support recovery under the PLRA.   In

---

[1] Connell has ordered a transcript, which will be finished soon.

2

*Hoever v. Marks,* 993 F.3d 1353 (11th Cir. 2021), the Court held that the PLRA did not bar punitive damages for Eighth Amendment violations, even if the violations caused no physical injury. Therefore, the charge to the jury was error insofar as it required the jury to find more than minimal physical injury before Connell could recover punitive damages.

    a.    The U.S. Supreme Court has squarely rejected the notion that a prisoner can prove a violation of the Eighth Amendment only if the prisoner shows that he suffered more than a de minimis injury. *Wilkins v. Gaddy*, 559 U.S. 34, 38-39 (2010).

    b.    However, under the Prison Litigation Reform Act, a prisoner cannot recover damages for mental or emotional injury, unless the prisoner proves physical injury. The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code)." 42 USCS § 1997e(e).

    c.    In *Harris v. Garner*, 216 F.3d 970, 972-73 (11th Cir. 2000) (en banc), the Court wrote:

> We begin our construction of section 1997e(e) where courts should always begin the process of legislative interpretation, and where they often should

3

end it as well, which is with the words of the statutory provision. See *United States v. Gilbert,* 198 F.3d 1293, 1298 (11th Cir.1999) (citing *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir.1998) (en banc) ("In construing a statute we must begin, and often should end as well, with the language of the statute itself.") (citations omitted)); see also *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54, 112 S. Ct. 1146, 1149, 117 L. Ed. 2d 391 (1992) ("In interpreting a statute a court should always turn first to one, cardinal canon before all others," which is "that courts must presume that a legislature says in a statute what it means and means in a statute what it says there;" and "when the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.")

However, in explaining the "de minimis" standard embraced by the panel in *Harris*, the Eleventh Circuit has observed that the Court "crafted" the de minimis standard. *Thompson v. Smith*, 805 Fed. Appx. 893 (11th Cir. 2020). By "crafting" a de minimis standard to apply to the physical injury requirement under the PLRA, the 11th Circuit has contradicted the principles of statutory construction that the Court set forth in the subsequent *en banc* opinion in *Harris*. Congress has required prisoners to prove physical injuries a condition to recovering damages for mental injury: crafting additional barriers to recovery introduces barriers that Congress never raised. In *Hoever v. Marks*, the 11th Circuit, again sitting *en banc*, recognized that there is no need or authority to construe the PLRA as barring more than the PLRA literally bars.

    4.     The evidence in this case demonstrated that Connell suffered more than a de minimis physical injury at the hands of Speaks and McLemore. Connell's wounds required several staples, and he suffered several bruises. The jury finding

4

contradicted the great weight of the evidence. "A judge should grant a motion for a new trial when the verdict is against the great weight of the evidence or when the verdict would cause a miscarriage of justice." *Gray v. Koch Foods, Inc.*, 144 F.4th 1298, 1312 (11th Cir. 2025); *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984). Here, it is a great miscarriage of justice to enter a judgment that requires corrections officers to pay no or nominal damages after they pepper spray and beat an inmate for three minutes while he is lying helpless on his cell floor, such that he suffers not only the effects of the pepper spray, but also bruises and an open wound requiring stitches. The finding that Connell suffered only a minimal physical injury is against the great weight of the evidence: his beating was not merely a dry shave of the sort recounted in *Harris*.

      a.    When the jury answered the special interrogatories to state that Connell had not suffered more than a minimal physical injury, the answer was not supported by sufficient evidence and was, in fact, contrary to the great weight, if not all, of the evidence. Bruises and a wound requiring staples are not minimal physical injuries comparable to the nicks of a dry shave. Connell has made a showing of physical injury that is not merely de minimis. *Stallworth v. Wilkins*, 802 Fed. Appx. 435, 441 (11th Cir. 2020) (collecting authorities regarding what is and is not a minimal physical injury under the PLRA); *Nix v. Rockwell*, 2013 U.S. Dist. LEXIS 40887, *2-4 (M.D. Ga. 2013).

b.    Therefore, it is respectfully submitted that the Court erred by entering judgment on the verdict for nominal damages only, even if the jury charge on requiring more than minimal physical injury was correct. The jury acted properly in returning a verdict finding Speaks and McLemore guilty of Eighth Amendment violations and the Court did not err in entering a judgment finding that Speaks and McLemore were liable for Eighth Amendment violations. The error was with respect to the findings of "minimal physical injury" and nominal damages.

c.    Connell respectfully moves this Court to alter amend, or vacate the verdict in favor of Speaks and McLemore, to the extent the verdict finds that Connell did not suffer more than a minimal physical injury, but Connell does not move the Court to alter, amend, or vacate the verdicts against Speaks and McLemore, to the extent the verdicts find that Speaks and McLemore violated the Eighth Amendment rights of Connell. Connell further moves this Court either to set a new trial on the compensatory and punitive damages that Connell is entitled to recover from Speaks and McLemore.

5.    Connell respectfully moves the Court to vacates its previously interlocutory orders granting summary judgment against defendants Aaron, Binder, Speaks, and McLemore on claims that each of them failed to intervene while one or more of the other defendants assaulted Connell and to order a trial on those claims. Connell acknowledges that he has once before moved for reconsideration pursuant

to Federal Rule of Civil Procedure 59. However, at that time, there then had been no judgment entered in the case, such that a motion to reconsider may have been more properly made pursuant to Federal Rule of Civil Procedure 54. Now that judgment has been entered, a motion pursuant to Rule 59 is appropriate, according to the plain language of the rules.

    a.    The testimony demonstrated that Aaron facilitated and Binder stood by outside Connell's cell while Connell was beaten in the cell for three minutes and that neither Aaron or Binder did anything to intervene to stop the beating, such that they would have bystander liability. *Skrtich v. Thornton*, 280 F.3d 1295, 1301-02 (11th Cir. 2002). This is not a case in which the defendants landed merely a single blow on Connell. *Brunson v. Green*, 2025 U.S. Dist. LEXIS 139264 (N.D. Al. 2025) (in which a magistrate judge ruled against a pro se prisoner in his claim against one corrections officer who failed to anticipate a single blow by another corrections officer). The testimony in this case established that Connell was beaten for three minutes, that Aaron facilitated the beating by pepper spraying Connell in the face, and that Binder stood outside while the beating occurred (although Connell believes Aaron and Binder not only failed to intervene, but also actually beat him).

    c.    In granting summary judgment against Connell on his failure to intervene claims, the Court stated that Connell had not adequately responded to the defendant's motion for summary judgment against Connell's failure to intervene

7

claims. However, Connell had in fact adequately responded: he cited controlling precedent squarely on point. The motion for summary judgment consisted (in large part) of a lengthy argument that the defendants were entitled to summary judgment because their evidence was more believable than Connell's evidence, and Connell responded at length to that argument. This was the gist of the defendant's argument with respect not only to claims that the defendants beat Connell, but also to the claims that each of the defendants failed to intervene while the other defendants beat Connell. After demonstrating at length that the defendants misapplied the summary judgment standard with respect to the claims of unlawful beating, Connell did not reiterate at length that same demonstration with the failure to intervene claims, but such a lengthy reiteration was unnecessary.

WHEREFORE, Troy Connell prays that this Court will vacate, alter, and amend the judgments against Speaks and McLemore, to the extent that those judgments award only nominal damage, but only to that extent; will set a new trial on damages only with respect to the claims made against Speaks and McLemore for their cruel and unusual beating of Connell; will vacate its prior interlocutory order, now merged into the final judgments entered in this action, granting summary judgment against Connell's failure to intervene claims against McLemore, Speaks, Binder, and Aaron; and will order a trial on such failure to intervene claims against McLemore, Speaks, Binder and Aaron.

                      Respectfully submitted,

                      */s/ Frank Ozment*
                      Attorney for Troy Connell

Of Counsel:
Frank Ozment Attorney At Law, LLC
217 Country Club Park, #501
Mountain Brook, AL 35213
205.413.9973

## Certificate of Service

I hereby certify that I have filed this motion by means of this Court's electronic filing system on November 20, 2025, such that a copy of the motion is served on all counsel of record by electronic means.

                      */s/ Frank Ozment*